```
                       IN THE
             UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
           Plaintiff,        )  No. 13 CR 832
     v.                      )
                             )  Hon. Amy St. Eve
WILLIAM THOMAS,              )
                             )
           Defendant.        )
```

**MOTION OF DEFENDANT WILLIAM THOMAS TO SUPPRESS EVIDENCE**

NOW COMES WILLIAM THOMS, by his attorney, John T. Kennedy, Panel Attorney with the Federal Defender Program, and moves this honorable Court to suppress evidence against him that was seized in the search of a basement floor apartment at 904 N. Kedvale, Chicago. The search was conducted pursuant to a search warrant. This motion is filed pursuant to <u>Illinois v. Gates</u>, 462 U.S. 213 (1983); <u>United States v. Leon</u>, 468 U.S. 897 (1984); and <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

**BASIS OF THE MOTION**

The basis of this motion to suppress is that the complaint for search warrant submitted by the Chicago Police Department (CPD) was not sufficient on its face to establish probable cause. The complaint was based upon the claims of a confidential informant (CI) of unknown background and unknown reliability. The complaint contained inadequate corroboration of the claims of the CI. Because of this lack of background of the CI and because of inadequate corroboration of the CI's claims, there was no

establishment of probable cause.

The "good faith exception" to defective search warrants does not apply because reliance of the CPD upon the warrant was not objectively reasonable where the CPD failed to provided any information whatsoever about the reliability of the CI. The rule is that the CPD is charged with knowledge of the legal requirements for establishment of probable cause. The CPD cannot prepare a complaint for a warrant that is facially defective and then claim the "good faith exception", as there is no good faith to support the claim.

## FACTUAL BACKGROUND

Mr. Thomas is charged in a three count indictment. Count I alleges possession of a firearm by a felon, in violation of 18 U.S.C. sec. 922(g)(1). Count II alleges possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. sec. 841(a)(1). Count III alleges possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. sec. 924(c)(1)(A).

The search warrant was executed on June 4, 2013 by the CPD pursuant to a warrant issued on June 3, 2013. The search warrant was issued by Cook County Circuit Judge #3053 (the judge's name is illegible on the search warrant). (Exhibit A, Search Warrant). The warrant was issued based upon a complaint submitted by Detective Gregory Jacobson. (Exhibit B, Complaint). (Both

Exhibits A and B are filed under seal.) In the search, CPD seized a handgun and ten rounds of ammunition, a BB pistol, $180 cash, a scale, a letter addressed to Mr. Thomas, ID documentation, suspect drugs, and a jacket. (Exhibit C, discovery pp. 066-073, filed under seal.)

The claims made in the complaint came from an unidentified informant about whom absolutely nothing is known. The complaint does not state whether this "John Doe" is a first-time informant or a regular informant, a man or a woman, the circumstances under which he came to be an informant, whether he was under arrest at the time, whether he was paid, or anything else at all. All this would have provided some means of judging his credibility – and not necessarily favorably. No words about his reliability or veracity are presented in the complaint. The CI could range from being among the most truthful of humanity to the worst prevaricator of humanity.

According to the complaint, the completely unknown confidential informant said that, "'Burpy' retrieved a blue and gray steel, "baby" .40 caliber semi-automatic handgun and a blue steel .40 caliber semi-automatic handgun from inside of the pockets of clothing that were on the clothing rack inside of the apartment." The CI did not expand on this relatively generic description of handguns. Nor did he describe the particular clothing involved. The CI said that he (the CI) had handled

handguns in the past, and that both of the handguns were real. No information is given as to how the CI gained his experience with guns. Further, the CI did not incriminate himself by his statements.

The void of information about the CI in the complaint is so complete that thee is not even a statement of Detective Jacobson on the reliability of the CI. Of course, such a vouching would be a conclusionary statement and entitled to no weight, but at least it would be an effort. United States v. Glover, No. 13-2475, (7th Cir. 2014, decided June 18, 2014). Though the CI appeared before the issuing judge, there is no evidence that the judge asked any questions of the CI. Without any record, it is assumed that the CI did not testify. United States v. Glover, No. 13-2475 at p. 7.

Request has been made to the government to provide the CI's name, address, gang affiliation, rap sheet, and information as to arrest status, and record as a CI. The government hasw declined to provide theinformation. The unknowns about the CI include whether he was under arrest at the time of his statements, whether information was exchanged for favorable treatment, whether he was a paid informant, how he knew Mr. Thomas, whether he used aliases, whether he was a rival gang member, whether he was on probation at the time, his criminal history, and his track record as an informant.

In the present case, there was no meaningful corroboration of

the claims of the CI. The CI identified the area where Mr. Thomas lived as near Kedvale and Iowa. (Exhibit B, complaint). The CPD determined the specific address. Later, the detective took the CI "to the area of Iowa and Thomas", where the CI identified the same specific address. (Exhibit B, complaint. What to make of the presumably mistaken reference of Thomas as a street instead of Iowa Street is not entirely clear. The affidavit is made in support of probable cause, and if it has significant errors, such as where the premises is located, that has to affect its weight. Also, innocent corroboration of the address does not establish probable cause of possession of firearms. At most, it establishes that someone lives in the neighborhood.

Identification of a photograph of the defendant, where it is unclear how the detective "showed several CPD generated photographs to John Doe, including William Thomas aka 'Burpy'" does not establish probable cause for possession of firearms. Because the photographs were CPD generated, it seems likely that on the photograph, somewhere, were the words "William Thomas aka 'Burpy'". It is not so much an identification as a demonstration of the ability of the CI to read the words "William Thomas aka 'Burpy'".

The information provided by the informant was stale. Detective Jacobson interviewed the CI on June 1, 2013, and the complaint says that the CI says he was in the basement on May 23, 2013 when he made his observations. The complaint was signed on

June 3, 2013. The warrant was executed on June 4, 2014. Nothing is said as to how the CI remembered the date of May 23, which is 12 days prior to June 3, 2013.

That the police ran a record check on Mr. Thomas is not alone sufficient to corroborate the CI's statements.

**ARGUMENT**

<u>There was no probable cause for issuance of the search warrant</u>

The Fourth Amendment requires a substantial basis for concluding that a search would uncover evidence of a crime. U.S. Const. amend IV, <u>Illinois v. Gates</u>, 462 U.S. at 236. A magistrate's determination of probable cause is given great deference on review. <u>Illinois v. Gates</u>, 462 U.S. at 236. When an affidavit is the only evidence presented in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit. <u>U.S. v. Peck</u>, 317 F.3d 754, 755 (7th Cir. 2003).

Probable cause is established when, based on the totality of the circumstances, the affidavit sets out sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. <u>U.S. v. Peck</u>, 317 F.3d at 756, citing <u>Illinois v. Gates</u>, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983).

Where the affidavit in support of the search warrant relies on information supplied by an informant, the totality-of-the-circumstances inquiry generally focuses on the informant's

reliability, veracity, and basis of knowledge. U.S. v. Dismuke, 503 F.3d 582, 586 (7th Cir. 2010), abrogated on other grounds in U.S. v. Miller, 721 F.3d 435 (7th Cir. 2013). When an informant provides the facts in an affidavit, the probable cause determination will also turn on the informant's reliability. Unites States v. Bell, 585 F.3d 1045, 1049 (7th Cir. 2009).

Where the affidavit is supported by an informant's tip, the totality of the circumstances factors include: (1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and police officer's application for the search warrant. United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002). Consideration is also given to whether the informant personally appeared and testified before the judge to assess his credibility. United States v. Bell, 585 F.3d at 1049.

The omission of an informant's criminal background and financial motive is not "necessarily essential to the probable cause determination," the statement was in the context of a detailed affidavit that had been extensively corroborated. United States v. Glover, No. 13-2475 at p. 8, citing United States v. Taylor, 471 F.3d 832, 840 (7th Cir. 2006).

In determining a dispute over the validity of a search

- 7 -

warrant, the threshold question is: Did the affidavit provide the magistrate with a "substantial basis" to rule that there was probable cause? If the answer is affirmative, then it follows that the officer's actions were reasonable. If the answer is in the negative, then the question is: Could the officer have reasonably believed that the facts set forth in the affidavit were sufficient to support a magistrate's finding of probable cause? United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002).

To obtain a search warrant, more is required than an uncorroborated, conclusory assertion of illegal activity from a confidential informant of unknown reliability. United States v. Koerth, 312 F.3d at 870. Where the reliability, and hence the credibility of an informant is unknown, the extent to which the police have corroborated the informant's information may work to provide a sufficient basis for establishing a probable cause finding. See United State v. Dismuke, 503 F.3d at 587, abrogated on other grounds in United States v. Miller, 721 F.3d 435. A record check of the defendant, standing alone, does not corroborate a CI's statements. United Stats v. Peck, 317 F.3d at 757.

In Koerthe, the name of the informant was undisclosed and the issuing magistrate was not presented any live testimony. United States v. Koerth, 312 F.3d at 866. The credibility of the affidavit was attacked both on its conclusionary statements and on the credibility of the informant. In Koerthe, the affidavit failed to

state the extent that the informant had previously provided information leading to arrests or prosecution. United States v. Koerth, 312 F.3d at 867. The probable cause standard was not met.

No claim appears in the affidavit that the credibility of the CI is unknown to the CPD. The omission of adverse information impairs the neutral role of the magistrate deciding whether to issue the warrant. United States v. Glover, No. 13-2475 at p. 8.

In Glover, a search warrant case involving a CI, the CPD omitted from the affidavit "the known, highly relevant, and damaging information about Doe's credibility - his criminal record, especially while serving as an informant; his gang activity; his prior use of aliases to deceive police; and his expectation of payment." United States v. Glover, No. 13-2475 at p. 8. The information is so essential to a witness's credibility that the same information regarding a government witness at trial would have to be disclosed to the defense as exculpatory material under Brady and Giglio. Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972).

As a result of the omission of all credibility information in Glover the magistrate had no meaningful opportunity to exercise his or her discretion to draw favorable or unfavorable inferences. United States v. Glover, No. 13-2475 at p. 9, citing Illinois v. Gates, 462 U.S. at 240. Consequently, because the affidavit did not provide the magistrate with even a minimum of information on

- 9 -

credibility that might have triggered further inquiry, deference was not given to the under-informed finding of probable cause. United States v. Glover, No. 13-2475 at p. 9. The issuing magistrate should not have been forced to rely on other factors because vital credibility information was omitted from the affidavit; the magistrate was unable to fulfill his role as a neutral arbiter, and therefore provided an insufficient basis for finding probable cause to support the search warrant. United States v. Glover, No. 13-2475 at p. 10.

In the complaint concerning Mr. Thomas, there is not a word about the credibility of the CI. Just as in Glover, the magistrate was forced to rely on other factors because vital credibility information was omitted from the affidavit. As in Glover, the magistrate could not fulfill his role as a neutral arbiter. There was an insufficient basis for probable cause to support the search warrant.

The "good faith" exception should not apply in this case

The "good faith" exception should not apply in this case. The "good faith" question is reached where there was a determination that the search warrant was invalid, as lacking a "substantial basis" to support a ruling of probable cause. Where there is a determination of lack of probable cause, the question is: Could the officer have reasonably believed that the facts set forth in the

- 10 -

affidavit were sufficient to support a magistrate's finding of probable cause? United States v. Koerth, 312 F.3d at 866.

Courts will not suppress evidence when the officer who executed the warrant relied in objective good faith on the issuing judge's finding of probable cause. United States v. Bell, 585F.3d at 1052, citing United States v. Leon, 468 U.S. at 920.

The "good faith" exception does not apply if, as applies here, (1) the affidavit was so lacking in probable cause that no officer could have reasonably relied on it; (2) the officer was dishonest or reckless in preparing the affidavit; (3) courts have held that materially similar affidavits lacked probable cause and the facts are materially indistinguishable from those of the present case. United States v. Bell, 585 F.3d at 1052.

Police officers are charged with knowledge of well-established legal principles as well as an ability to apply the facts of a particular situation to these principles. United States v. Bell, 585 F.3d at 1052, citing United States v. Koerth, 312 F.3d at 869. If a local drug task force routinely works with the federal government, it has a responsibility to learn and follow applicable legal precedent. United States v. Bell, 585 F.3d at 1052, citing United States v. Mykytiuk, 402 F.3d 773, 777-8 (7th Cir. 2005).

The facts of this case show that the "good faith" exception should not apply. Detective Jacobson did not include in the complaint any facts pertaining to the reliability or veracity of

the CI.  Nor did Detective Jacobson include that he did <u>not</u> have such facts.  It is reasonable to infer that Detective Jacobson had such information, or had it readily available to himself as a member of the CPD.

The Seventh Circuit has held that "the standard of reckless disregard of the truth used in evaluating a challenge to a search warrant under <u>Franks</u> is analogous to the standard used in the First Amendment cases involving libel articulated by the Supreme Court in <u>New York Times Co. v. Sullivan</u>."  <u>United States v. A Residence Located at 218 Third Street, New Glarus, Wis.</u>, 805 F.2d 256, 258 (7th Cir. 1986).  Thus, an officer acts with reckless disregard for the truth where he "in fact entertained serious doubts as to the truth of his allegations" or if "Proved inferentially *** that affiant had obvious reasons to doubt the veracity of the information he received."  <u>United States v. A Residence Located at 218 Third Street, New Glarus, Wis.</u>, 805 F.2d at 258.

Failure to include this basic and straightforward information implies bad faith.  It demonstrates a disregard of the law of search warrants, which is a body of law that Detective Jacobson is expected to know.  Moreover, the reliability and veracity of a CI can be straightforward to demonstrate, using criminal history and records of past performance.  Here, absence of any information whatsoever as to the reliability and veracity of a CI is a reflection of an obvious decision and prevents a finding of good

faith.

The police officers in Chicago and this Circuit were on notice of the legal precedent set by materially similar cases decided prior to the June 3, 2013 date of the search warrant - Peck, Bell, Koerth, and other case cited in this motion. Another instructive case is the trial court decision of United States v. Simmons, 771 F.Supp.2d 908 (7th Cir. 2011), which is a case decided before June 3, 2013, and also arising out of the Eleventh Police District.

Officers of the Eleventh Police District would be expected to be aware of Simmons. In Simmons, the CPD executed a search warrant and seized two guns, ammunition, and other materials. United States v. Simmons, 771 F.Supp.2d at 912. The complaint for a search warrant said nothing about the reliability or veracity of the CI. United States v. Simmons, 771 F.Supp.2d at 914. However, prior to writing the complaint for a search warrant, the office had learned that the CI was a first-time informant of unknown reliability, was under arrest at the time he gave the information, and had an extensive criminal history that included lying to the police. United States v. Simmons, 771 F.Supp.2d at 915.

The Court found that the warrant was not supported by probable cause, and declined to find a "good faith" exception. United States v. Simmons, 771 F.Supp.2d at 927. "However, the good faith exception to the warrant requirement does not apply in cases such as here, where the officer seeking the warrant was dishonest or

reckless in preparing the affidavit." United States v. Harris, 464 F.3d 733, 740 (7th Cir. 2006).

Similarly, the officer in the instant case, in providing absolutely no information about the CI, though presumably able to do so, cannot be said to have acted without reckless disregard of the truth.

**REQUEST FOR RELIEF**

For the foregoing reasons, Mr. Thomas respectfully requests that this Court enter an order suppressing all evidence that was seized as a result of the search of 604 N. Kedvale, Chicago, and Mr. Thomas on June 4, 2014, and any fruits of that search, including subsequent statements of Mr. Thomas.

Alternatively, the defense requests that this Court grant the defense access to the discovery identified herein that the defense requested but that the government declined to provide (CI's name, address, gang affiliation, rap sheet, and information as to arrest status, and record as a CI).

To the extent that the government contests the factual assertions herein, or there are facts to which the defense does not have access but would bear on this Court's determination (including this Court's evaluation of the credibility of Detective Jacobson), Mr. Thomas requests an evidentiary hearing to ascertain these factual matters.

It is Mr. Thomas's position that a hearing is not needed with

respect to the Leon good faith exception analysis because Mr. Thomas claims to rebut the good faith presumption by multiple means and only one means must be established to rebut the presumption of good faith. However, if the court were to reject Mr. Thomas's arguments, leaving only a Franks violation, Mr. Thomas would request a Franks hearing only insofar as necessary for the Court to fully analyze the good faith exception with respect to Mr. Thomas's allegation that material omissions were made in the affidavit in reckless disregard for the truth.

WHEREFORE, for all the reasons set forth above, Defendant William Thomas respectfully requests that this Honorable Court enter an order suppressing all evidence obtained as a result of the illegal searches of Mr. Thomas's person and residence, and any fruits derived from those searches, and that a hearing be granted only insofar as necessary for the proper resolution of this motion.

>Respectfully submitted,
>FEDERAL DEFENDER PANEL
>ATTORNEY PROGRAM
>Carol A. Brook
>Executive Director
>
>/s/ John T. Kennedy
>
>By:_____
>    John T. Kennedy
>    Attorney for Defendant

John T. Kennedy
Attorney for Defendant
1601 Sherman Avenue, Suite 200
Evanston, Il 60201
(847) 425-1115